ON MOTION FOR CLARIFICATION OF ORDER GRANTING ATTORNEY’S FEES
DANIEL, Chief Judge.
We grant the City of St. Cloud’s Motion for Clarification of our order granting in part and denying in part St. Cloud’s motions for attorney’s fees.
This was a consolidated appeal taken from a nonfinal order entered by the trial court granting the City of St. Cloud’s motion for temporary injunction (case number 88-468) and from a final order entered by the South Florida Water Management District denying the City of St. Cloud’s request for a formal administrative hearing (case number 88-557).
In case number 88-468, the City of St. Cloud filed, with this court, a motion for attorney’s fees pursuant to section 403.412 of the Environmental Protection Act. Section 403.412 provides:
403.412 Environmental Protection Act.—
¡¡c s}: sfc ⅜: ⅜ ⅝
(f) In any action instituted pursuant to this section, the prevailing party or parties shall be entitled to costs and attorney fees. If the court has reasonable ground to doubt the solvency of the plaintiff or the plaintiff’s ability to pay any cost or judgment which might be rendered against him in an action brought under this section, the court may order the plaintiff to post a good and sufficient surety bond or cash.
§ 403.412(2)(f), Fla.Stat. (1987). The City of St. Cloud was the prevailing party on appeal and, therefore, this court entered an order awarding St. Cloud attorney’s fees in this matter.
In case number 88-557, the City of St. Cloud filed a separate motion for attorney’s fees, requesting that such an award be entered pursuant to section 120.57 of the Administrative Procedure Act. Section 120.57 provides:
120.57 Decisions which affect substantial interests.—
⅝ ⅝ ⅜ ⅝ * sjs
When there is an appeal, the court in its discretion may award reasonable attorney’s fees and costs to the prevailing party if the court finds that the appeal was frivolous, meritless, or an abuse of the appellate process or that the agency *1329 action which precipitated the appeal was a gross abuse of the agency’s discretion.
§ 120.57(1)(b)(10), Fla.Stat. (1987). Although the City of St. Cloud was again the prevailing party on appeal we concluded that the South Florida Water Management District had not grossly abused its discretion in denying St. Cloud’s request for a formal administrative hearing. Accordingly, this court entered an order denying St. Cloud’s motion for attorney’s fees in this matter.
SHARP, W., J., and ORFINGER, M., Judge, Retired, concur.